UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVIN BELSER,

      Plaintiff,      Case No. 2:16-cv-134

v.              HON. PAUL L. MALONEY

JEFFREY WOODS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

    This is a civil rights action brought by state prisoner Marvin Belser pursuant to 42 U.S.C. § 1983. Plaintiff's remaining claims are for Eighth Amendment violations against Defendants Canias, Laplunt, Brown, Filion, and Hatfield. Defendants filed a motion for summary judgment (ECF No. 42) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 45).

    Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also*

*Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party

with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If

oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 2017 WL 992510, slip op. at 8-9 (6th Cir. 2017).[1]

---

[1] In *Holloway v. Mclaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." slip op. at 16. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130. *Id.* at ¶Q. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with the grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Defendants argue that Plaintiff never properly exhausted his claims by filing grievances through Step III. Plaintiff argues that he exhausted his claims by submitting grievances directly to the Internal Affairs Division. Plaintiff asserts that he exhausted URF-1403-0940-28-A, URF-1403-0955-12D3, URF-1405-1413-26A, URF-1605-1865-03B, URF-1403-0698-03B, and URF-1605-2030-19D.

In URF-1403-940-28-A Plaintiff submitted a Step I grievance on March 3, 2014, asserting that he was assaulted and did not receive medical care. He complained that he should not be placed in level 4 housing because he is a level 2 inmate. Plaintiff also claimed that Dr. Brostoski took his wheelchair. (ECF No. 46-1, PageID.240). Plaintiff did not name any of the remaining Defendants in this grievance. Plaintiff also failed to show that he exhausted this grievance through Step III of the grievance process.

In URF-1403-0955-12D3 Plaintiff submitted a Step I grievance on March 20, 2014, complaining that Dr. Brostoski failed to provide him with medical care and told him to get out his wheelchair and walk back to the unit. (ECF No. 46-3, PageID.244-245). Plaintiff failed to name any of the remaining Defendants in the Step I grievance. In his Step II grievance, Plaintiff stated that Dr. Borgerding and Melissa Laplaunt (Laplunt) both agreed. However, Plaintiff did not exhaust that grievance through Step III of the grievance process before he filed this lawsuit.

Plaintiff received a Step III response in URF 14-03-955-28e on December 22, 2014, regarding his complaint that he failed to receive adequate medical care in March 2014. That response indicates that Plaintiff's grievance was rejected as untimely. In the opinion of the undersigned, Defendants correctly argue that this grievance was not properly exhausted through Step III.

6

In URF-1405-1413-26A, Plaintiff filed his Step I grievance on May 2, 2014, alleging that he was in fear of his life and was awaiting a transfer. (ECF No. 46-4, PageID.247). Plaintiff alleged that he was informed by a doctor at War Memorial Hospital that he had bacteria in his neck and spine causing "stroke-like" symptoms that would require surgery. Plaintiff stated that he needed assisted living and a wheelchair. Plaintiff was told by Officer Forest and another corrections officer to get on the van without help to be transferred from the hospital to the prison. Plaintiff states that he was subjected to excessive force when he was struck by a taser two times. Plaintiff did not name any of the remaining defendants in this grievance and has failed to show that he exhausted this grievance through Step III of the grievance process.

In URF-1605-1865-03B, Plaintiff filed a Step I grievance dated May 6, 2016, claiming to have sent eight medical kites to Melissa LaPlunt and Penny Filion, and four kites to the warden and deputy. Plaintiff complained that he feared for his life and was denied a single cell. (ECF No. 46-5, PageID.248-252). However, Plaintiff failed to exhaust this grievance through Step III prior to filing this lawsuit. Plaintiff's Step III response was sent on October 7, 2016. (PgeID.252). Plaintiff filed this lawsuit on June 6, 2016.

In URF-1403-0698-03B Plaintiff submitted a Step I grievance on March 1, 2014, asserting that he was assaulted by three unknown inmates and was in fear for his life. (ECF No. 46-6, PageID.253-254). Plaintiff did not name any Defendant in that grievance or exhaust that grievance through Step III of the grievance process.

In URF-1605-2030-19D Plaintiff submitted a Step I grievance dated May 13, 2016, asserting that he submitted kites to the R.U.M., warden and deputy warden. Plaintiff indicated that he packed his property on May 5, 2016, and that if any of his property was missing or damaged he

7

wanted whoever packed it held responsible. (ECF No. 46-7, PageID. 255-256). This grievance was not exhausted through Step III and is not relevant to this lawsuit.

In the opinion of the undersigned, Plaintiff has failed to rebut Defendants' summary judgment motion establishing that Plaintiff did not exhaust his grievance remedies against any of the remaining Defendants before filing this complaint. For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 42) be granted.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

Dated:  October 23, 2017                         */s/ Timothy P. Greeley*
                                                 TIMOTHY P. GREELEY
                                                 UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).