UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARVIN BELSER, <br>     PLAINTIFF, <br> <br> -V- <br> <br> JEFFREY WOODS, ET AL., <br>     DEFENDANTS. | NO. 2:16-CV-134 <br> <br> HONORABLE PAUL L. MALONEY |

## ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On October 23, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R & R") recommending that the Court grant Defendants' motion for summary judgment based on Plaintiff's failure to properly exhaust his administrative remedies. (ECF No. 51.) The matter is before the Court on Plaintiff's Objections to the R & R. (ECF No. 56.)

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff's two-page, handwritten objections are far from a model of clarity, but the Court will endeavor to construe them fairly and liberally in light of Plaintiff's pro se status.

Plaintiff begins by asserting that he complied with the Court's September 15, 2016 Order which instructed Plaintiff on how to achieve service or amend his complaint. (ECF No. 23.) Plaintiff's compliance or noncompliance with that order has no bearing on the Defendants' motion for summary judgment based solely on Plaintiff's failure to exhaust his administrative remedies. Plaintiff also informs the Court that he is seeking a writ of certiorari from the United States Supreme Court "for disqualification of Judges, Justices, and Magistrate Judges for intentional bad acts . . . ." (ECF No. 56 at PageID.300.) This, too, is wholly irrelevant to the instant proceedings.

Finally, Plaintiff shifts course, asserting that "the Supreme Court held that whether the inmate failed to exhaust is an affirmative defense that must be raised by prison staff or it is waived. The Court reversed the Sixth Circuit's requirement that an inmate had to specifically provide the name of the prison staff in the grievance was dismissed, the Supreme Court struck the 'total exhaustion dismissal.'" (*Id.*) Plaintiff continues, noting that "[p]ursuant to *Jones*, if a complaint contains an unexhausted claim . . . the unexhausted part should be dismissed without prejudice, and the rest of the lawsuit should proceed." (*Id.*)

Plaintiff's assertions are valid statements of law, but they do not aid him here. First, the magistrate judge properly applied the failure to exhaust as an affirmative defense and held the Defendants to their burden for asserting it. (*See* ECF No. 51 at PageID.284.) Next, Plaintiff appears to argue that the magistrate judge erred by dismissing the entirety of the case, rather than dismissing only unexhausted claims. However, the magistrate judge correctly concluded that Plaintiff did not exhaust *any* of his claims against the Defendants remaining in the case. (*See id.* at PageID.288–90 (listing each of Plaintiff's grievances and

indicating how each grievance remained unexhausted).) Therefore, the mandate of *Jones*—dismissing only the unexhausted claims and letting any properly exhausted claims proceed—is not applicable to Plaintiff. *See Jones v. Bock*, 549 U.S. 199 (2009).

Thus, Plaintiff's objections lack merit, even when construed with all liberality. With regard to the sections of the R&R not specifically objected to, the Court has reviewed the issues presented and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS ORDERED** that the October 23, 2017 R & R (ECF No. 51) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R&R (ECF No. 56) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's unexhausted claims be dismissed without prejudice.

**JUDGEMENT TO FOLLOW.**

### CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337

(2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Here, the Court concurs with the Magistrate Judge's recommendation that any appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

**Date:** November 7, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

4